<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE LENNOX INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> ETHICAL PRODUCTS, INC., <br><br> Defendant. | Civ. Action No. 21-12437 (SRC) (JSA) <br><br><br> OPINION AND ORDER DENYING REQUEST TO BIFURCATE <u>DISCOVERY</u> |

**THIS MATTER** having come before the Court by way of Defendant Ethical Products Inc.'s ("EPI") motion seeking to bifurcate discovery on the issues of liability and damages pursuant to Federal Rule of Civil Procedure 42(b) (ECF No. 22); and Plaintiff The Lennox International Inc. ("Lennox") having opposed the motion (ECF No. 26); and the Court having concluded that oral argument is not necessary, *see* Fed. R. Civ. P. 78(b); and upon careful consideration of the papers submitted, the Court finds as follows:

<u>**RELEVANT BACKGROUND**</u>

1. As alleged in the Complaint, Both Lennox and EPI manufacture and supply snacks and treats for pets. (Compl., ¶¶ 11, 15; ECF No. 1).

2. Lennox alleges it is a supplier of "natural and flavored rawhide products," sold under the trade name "Lennox Chews." (*Id*., ¶¶ 12-13). According to Lennox, Lennox Chews are beef, rawhide chews made from the hide of cattle and are claimed by Plaintiff to be "highly digestible." (*Id*. ¶ 14). Lennox further alleges it has sold its chews to, among others, wholesalers and retailers, such as PETCO, for more than 20 years. (*Id*, ¶ 25).

3. Lennox asserts that EPI sells dog treats by the name of "Nothin' to Hide" ("Nothin' Chews"), which are marketed as "Rawhide Alternative Premium Dog Chews." (*Id*. ¶¶ 17-18).

4. Lennox claims that in or around January 2021, PETCO stopped selling traditional rawhide products, including Lennox Chews, in favor of what PETCO deemed to be "non-rawhide products." (*Id*. ¶¶ 24, 28, 30).

5. On June 11, 2021, Lennox filed a four (4) count complaint, alleging: (1) false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) common law unfair competition; (3) common law tortious interference with business advantage; and (4) a

count seeking an order compelling the trademark office to cancel EPI's mark. In support of Lennox's claims, the Complaint alleges generally that:

- EPI falsely represented and advertised that its Nothin' Chews do not contain rawhide, when they in fact do have rawhide in them;
- EPI falsely advertises that Nothin' Chews have "[s]uperior digestibility vs. traditional rawhide chews," which Lennox alleges is not true based on testing that supposedly shows Lennox Chews are more easily digestible;
- EPI's wrongful mischaracterization of its Nothin' Chews caused PETCO to stop selling traditional rawhide products, like Lennox Chews;
- EPI engaged in tortious interference with Lennox's reasonable expectation of a prospective business advantage; and
- EPI's acts have "irreparably harmed the good will and reputation of Lennox and have caused Lennox significant damages."

(*See generally* Compl., ¶¶ 31-54).

6. The Undersigned held an initial Rule 16 scheduling conference on October 14, 2021. In the parties' Joint Discovery Plan submitted prior to the conference, EPI set forth that it "intends to move to bifurcate discovery, first with regard to liability and thereafter with respect to damages. EPI is further contemplating filing a motion for summary judgment dismissing this action at the conclusion of discovery on the issue of liability." (ECF No. 20 at 4).

7. The Undersigned entered a Scheduling Order on October 14, 2021, that contained a briefing schedule for EPI's proposed motion to bifurcate discovery on liability and damages. The Scheduling Order also contained, among other things, a deadline of April 14, 2022, to complete all fact discovery.

8. On October 29, 2021, EPI filed the instant motion, which has been fully briefed by the parties.

## ANALYSIS

9. "A court may bifurcate the issues in a case pursuant to Rule 42(b) when such an action would be 'in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy'" *Webstaurant Store, Inc. v. Everything Is In Stock LLC*, 2020 U.S. Dist. LEXIS 126083, at *2 (D.N.J. July 15, 2020) (quoting *Princeton Biochemicals, Inc. v. Beckman Instruments*, 180 F.R.D. 254, 256 (D.N.J. 1997)).

10. The party seeking bifurcation bears the burden of demonstrating that judicial economy would be promoted and that no party will be prejudiced by bifurcation. *Id.*

11. "Courts have wide discretion to bifurcate issues and claims. However, bifurcation is the exception rather than the rule in managing cases." *Id.* (citing *Graco, Inc. v. PMC Global, Inc.*, 2009 WL 904010, at *36 (D.N.J. Mar. 31, 2009)); *see also Cephalon Inc. v. Sun Pharma Indus.*, 2013 U.S. Dist. LEXIS 94575, at *8 (D.N.J. July 8, 2013) ("Courts in this district do not

routinely grant motions to bifurcate discovery, unless there is some showing on the part of the moving party as to why bifurcation is appropriate.")

12. Courts generally consider the following factors: (1) whether there is overlap in testimony and evidence concerning liability and damages, (2) whether the issues are complex, (3) whether bifurcation will promote settlement, and (4) whether a single trial will cause unnecessary delay. *Id.* In analyzing these factors, several Courts in this district have found bifurcation of discovery inappropriate. *See Cephalon Inc.*, 2013 U.S. Dist. LEXIS 94575, at *8 (collecting cases).

13. At the outset, EPI's request for bifurcation is based, at least in part, on its belief that it has "a strong case for summary judgment." (EPI's's Br. 2; ECF No. 22-1). According to EPI, "most of Lennox's claims are connected to its repeated assertions that EPI intentionally mislabeled" Nothin' Chews as rawhide alternatives when, in truth, they actually have rawhide in them. (*Id*. at 3). EPI disputes Lennox's allegations and argues instead that summary judgment is warranted assuming discovery "bears out the matters" asserted in the supporting declaration of Jonathan Zelinger, EPI's President. (*Id*. at 2, 4). In further support of bifurcation, EPI generally states that bifurcation will result in judicial economy, will not unduly prejudice Lennox, and the issues of liability and damages are distinct. (*Id*. at 4-5).

14. In opposition, Lennox contends that bifurcation is not appropriate. First, EPI has failed to meet its burden of satisfying the relevant factors to consider. According to Lennox, EPI has not shown that discovery is complex or that EPI would be unreasonably burdened by simultaneously engaging in damages and liability discovery since damages discovery is necessary, will be narrowly focused and easily produced by EPI. (Lennox Opp. Bf. at 1, 3). Further, Lennox submits that bifurcation will hinder settlement discussions because Lennox will not be in a position to evaluate the case for settlement absent some damages discovery regarding EPI's sales and profits. (*Id*. at 6). Lennox also states that the same defense witnesses will likely testify as to liability and damages issues, thereby promoting judicial economy. (*Id*. at 7) Second, according to Lennox, the disputed material facts render summary judgment inappropriate (Lennox Opp. Bf. at 1, 3-5).

15. On reply, EPI takes issue with Lennox's characterization that damages discovery is not complex, that EPI bears the burden of producing discoverable data and records so that Lennox can prove its damages claim, and that the same witnesses will testify about liability and damages. (EPI Reply Br. at 2-4). EPI also seems to suggest that damages discovery will not foster settlement since liability is strongly contested. (*Id*. at 4).

16. In analyzing a motion to bifurcate discovery, the strengths or weaknesses of a party's legal claims are not among the relevant factors to consider. *See Cephalon Inc.*, 2013 U.S. Dist. LEXIS 94575, at *8; *see also Webstaurant Store Inc.*, 2020 U.S. Dist. LEXIS 126083, at * 2 (citing *Graco, Inc.*, 2009 WL 904010, at *36). Indeed, the merits of the case is not an appropriate consideration for bifurcation. Therefore, EPI's belief that it has a strong summary judgment case – which Lennox disputes – is not a basis for bifurcation of discovery. *See Cephalon Inc.*, 2013 U.S. Dist. LEXIS 94575, at *10 n.3 ("Of course, Defendants' argument [that damages is contingent on liability] applies to <u>every</u> case . . . [I]n other words, according to Defendants, bifurcation is

always appropriate. Such reasoning contravenes the language of Rule 42(b) and the case law cited in this Opinion. The Magistrate Judge certainly did not abuse his discretion in rejecting such reasoning.").

17.    This case is in its infancy. As such, it is not clear whether there will be overlap in discovery relating to the issues of liability and damages. EPI contends there will be none. (ECF No. 27 at 3-4). Lennox claims that certain EPI executives may have testimony relevant to both liability and damages. Lennox also claims that judicial efficiency would be promoted by having witnesses located outside the United States deposed simultaneously on liability and damages. (ECF No. 26 at 7). Based on the present record, this factor is neutral, and thus does not weigh in favor of or against bifurcation.

18.    Turning to the complexity of the issues, EPI has not established at this stage that the liability and damages questions are novel or complicated enough to warrant bifurcation beyond general assertions that the highly contested facts are complicated. (Zelinger Decl., ¶¶ 20-21, ECF No. 22-2). Such statements are insufficient. Often when bifurcation is granted, it is in the context of complex patent cases where the nature of even the basic case is potentially overwhelming for a jury. *See, e.g.*, *Princeton Biochemicals*, 180 F.R.D. at 257 ("Even plaintiff's most simplistic assessment of the underlying technology and the liability issues in question are likely to be confusing to a jury, unsophisticated in the area of intellectual property"); *Graco*, 2009 WL 904010, at *36. In other words, when complex liability questions are accompanied by complicated damages questions, bifurcation might be appropriate. *See*, *e.g.*, *Wyeth v. Abbott,* 2010 WL 4553545, at *2 (D.N.J. Nov. 3, 2010) ("this case involves multiple patents, multiple accused products and multiple Defendants, thus the volume of information presented to the jury will be substantial. With respect to the liability phase, the technological and legal issues that will be presented to the jury are highly complex and will likely require extensive explanation by the parties' experts. The issues to be addressed in the damages phases are likewise highly complex.").

19.    As it relates to liability, this false advertising and tortious interference case appears to turn on relatively concise questions regarding the composition and digestibility of two different dog chews and what representations, if any, were made regarding same. As it relates to damages, Lennox contends that damages would likely "be limited to sales figures for Defendant's products at issue," and anticipates abbreviated and focused damages discovery that would be completed prior to the April 14, 2022 discovery end-date. (ECF No. 26 at 3.) EPI claims that assessing damages will be more complicated and involve consideration of the broader dog chew market. (ECF No. 27 at 3). On the record before the Court, there is nothing to suggest that the facts and issues in this case are any more complicated than other litigated commercial disputes. *See Cephalon Inc.,* 2013 U.S. Dist. LEXIS 94575, at *10 (question of complexity is case and fact specific, and finding, there, infringement and determination of a reasonable royalty amount not overly complex). Accordingly, EPI has not carried its burden to show complexity of the issues warrants bifurcation. This factor weighs against bifurcation.

20.    In addition, EPI has failed to show that it will be unduly prejudiced if the parties were to now conduct damages discovery. Lennox has indicated that it intends to pursue limited damages-related information – essentially, EPI's sales data. EPI has not shown that it would be unduly burdensome or prohibitively expensive to produce such information. To the extent EPI is

concerned that Lennox will seek sensitive financial information, that concern it is properly addressed through a discovery confidentiality order, not bifurcation of discovery. *See Webstaurant Store, Inc.,* 2020 U.S. Dist. LEXIS 126083, at *2. Lennox, on the other hand, has shown the possibility of prejudice due to bifurcation. Specifically, there may be some depositions sought of individuals who are likely to testify about both liability and damages, some of whom are not located in the United States. Thus, the possibility of duplicative depositions would be prejudicial and inefficient from a case management prospective. As such, this factor weighs against bifurcation.

21. Finally, Lennox contends that bifurcating damages discovery would hinder settlement of the case. The Court agrees. Both parties would benefit from damages discovery in order to effectively evaluate settlement. Therefore, this consideration weighs against bifurcation.

22. The Court, in its discretion, finds that bifurcation of discovery on the issues of liability and damages is not appropriate.

**ACCORDINGLY, based on the above and for good cause shown,**

**IT IS on this 2nd day of December 2021,**

**ORDERED** that, Defendant's request to bifurcate discovery on the issues of liability and damages (ECF No. 22) is **DENIED**.

                                                  **s/Jessica S. Allen**
                                                  **JESSICA S. ALLEN**
                                                  **United States Magistrate Judge**